UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES CONFERENCE OF MAYORS,** *et al.*,<br><br>                               **Plaintiffs,**<br>v.<br><br>**GREAT-WEST LIFE & ANNUITY INSURANCE CO.,**<br><br>                               **Defendant.** | Civil Action No. 16-00660 (TFH) |

## ORDER

Upon consideration of Defendant's consistent objection throughout trial to the admission of certain emails through testimony by witnesses who lacked personal knowledge of the emails' content, but could identify the author as Defendant's employee,[1] and for reasons given in open court on January 12 and 13, 2018, as well as for the reasons stated herein, it is hereby

**ORDERED** that Defendant's personal knowledge objection remains **OVERRULED** as to emails that witnesses identified as business records written by Defendant's employees; the statements made therein constitute admissions by party opponent under Federal Rule of Evidence 801(d)(2)(D). Fed. R. Evid. 801(d)(2)(D) & advisory committee's note (1972) ("Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule. . . . The freedom which admissions have enjoyed from technical demands of

---

[1] Both parties stipulated to the authenticity of all but one email introduced into evidence. Trial Tr. afternoon, 88–89, Jan. 11, 2018; Trial Tr. morning, at 61, Jan. 12, 2018; *see United States v. Safavian*, 435 F. Supp. 2d 36, 39–43 (D.D.C. 2006) (determining authenticity and finding that "statements attributed directly to Mr. Safavian come in as admissions by a party opponent").

searching for an assurance of truthworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility."); *see, e.g.*, *Lexington Ins. Co. v. W. Penn. Hosp.*, 423 F.3d 318, 330, n.7 (3d Cir. 2005) (noting that Rule 801(d)(2)(D) admissibility does not require personal knowledge; "[r]ather, it is sufficient under the Rule for the declarant to be a party's employee and to have made the declaration within the scope of the employment"); *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1143 (7th Cir. 1983) ("If the report is viewed as the work of agents of the corporation, it is admissible as an admission, since, at least as shown by circumstantial evidence, it was made while the managers were agents of the corporation; and it concerns matters within the scope of their agency, namely relations with competitors."); *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 214 (S.D.N.Y. 2007) ("Admissions are not subject to the firsthand knowledge rule."); *United States v. Am. Tel. & Tel. Co.*, 1981 WL 2047, *2, 4 (D.D.C. 1981) (noting that "letters or memoranda moving between Bell personnel are not excludable as hearsay merely because they were not addressed to third persons" and finding persuasive the "theory that Rule 801(d)(2)(D) contains no express requirement of firsthand knowledge"); *cf. United States v. Warren*, 42 F.3d 647, 655 (D.C. Cir.) ("Officer Holman's statement was admissible under Federal Rule of Evidence 801(d)(2)(B) as a non-hearsay statement offered against the Government 'of which the [Government] has manifested an adoption or belief in its truth.'").

    **SO ORDERED.**

January 25, 2018

                                                              Thomas F. Hogan
                                                              SENIOR UNITED STATES DISTRICT JUDGE